## Mitchell *et al. v.* Fearn *et al.*

On a judgment affirming the dismissal of a writ of error *coram nobis*, the
appellate court will give ten per cent. damages.

MOTION to correct the judgment of this court, in this case,
in allowing ten per cent. damages on affirming the judgment of
the court below, dismissing a writ of error *coram nobis*, which
was sued out by M'Nutt, one of the appellants.

The motion proceeded on the ground, that the judgment of the
court, brought before this court for revision, on the appeal, was
not a judgment for the payment of money, but simply a judg-
ment refusing to quash a forthcoming bond, and execution issued
thereon.   See the case of M'Nutt *v.* Wilcox & Fearn.

Holt, for the motion.

On the trial of the writ of error *coram nobis*, which was upon
demurrer to the sufficiency of the errors assigned to quash the
judgment on a forthcoming bond, and the *fieri facias* thereon
issued, the judgment of the court below was in these words:
" It seems to the court that there is no error in the proceedings
aforesaid, and doth adjudge that the said execution and forth-
coming bond are regular, and refuses to quash the same; and
thereupon dismisses the writ of error *coram nobis*, herein sued
out; and further orders and adjudges, that the said defendants in
error recover, against the plaintiff in error, their costs by them
herein expended."

The court below rightfully refrained from giving any judgment
against M'Nutt and his sureties, for the amount of the original
judgment against him in that court.   It had no such power, and
it simply confined itself to a refusal to quash the forthcoming
bond and *fieri facias*, and a dismissal of the writ of error, with
costs.   Upon common law principles, the judge could not have
gone further.   The sureties were liable on their bond, but that

[Mitchell *et al. v.* Fearn *et al.*]

liability could only be realised by a common law action; for the statute · authorising judgment against principal and sureties in writ of error and appeal bonds, is restricted to cases in the High Court of Errors and Appeals.  It was certainly competent for the legislature to have extended its provisions, so that they would have embraced judgments of the inferior courts, on writs of error *coram nobis;* but it is sufficient for our objection, that the legislature has not made this extension; I have sought diligently through the statutes of Mississippi, and can find no mention of, or even allusion to writs of error *coram nobis,* or the proceedings to be thereon had; we must, of course, look to the common law.

This judgment of the court below, has been entirely affirmed by this court.  By what authority, it is asked, would there be, upon such affirmance, a judgment for upwards of 13,000 dollars, and ten per cent. damages thereon?  The statute says, " In case the Supreme Court shall affirm entirely, any judgment or decree brought before them, if such judgment or decree be for the payment of money, the plaintiff in error, if he be the defendant below, shall pay ten per centum damages," &c.   Rev. Code, 139, sect. 149.  The judgment of the court below has been entirely affirmed; but it is not a judgment for the payment of money, and of course, under the statute, the ten per centum damages cannot be given.  It seems to me that, as the statute falls short of reaching the case, the judgment should be, as at common law, a mere judgment of affirmance with costs.  To give a judgment for the amount of the original judgment below, would not be an affirmance, but a reversal or correction of the judgment of the court below, on the writ of error *coram nobis.*

The dismissal of the writ of error *coram nobis,* by the inferior court, may be likened to the dissolution, by the chancellor, of an injunction, staying execution on a common law judgment for money.  The effect in each case, is to let loose the, temporarily, superseded judgment.  But neither the judge of the inferior court, nor the chancellor, can give, against the principal and sureties, a new judgment for the amount of the old one and damages, because no statute authorises it.  The chancellor, it is true, in his discretion may give six per cent. damages, the statute expressly giving him that power.  But because the statute stops at that

[Mitchell *et al. v.* Fearn *et al.*]

point, he cannot give a decree for the amount of the judgment enjoined. The judge of the inferior court, on dismissing a writ of error *coram nobis,* finding no statute authorising him to enter up a judgment affirmatively, for either principal or damages, must content himself with a bare dismissal, and this court, in affirming his judgment, as in affirming an order of the chancellor dissolving an injunction, cannot go beyond the judgment of the court below.

Yerger, *contra.*

BY THE COURT:—Let the motion in this case be overruled.